IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JONATHAN BEAIRD                                                                         PLAINTIFF

vs.                                   Civil No. 4:15-cv-04045

CAROLYN W. COLVIN                                                                    DEFENDANT
Commissioner, Social Security Administration

### MEMORANDUM OPINION

Jonathon Beaird ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI"), and a period of disability under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff protectively filed an application for DIB and SSI on September 10, 2012.  (Tr. 13, 181-188).  Plaintiff alleged he was disabled due to scoliosis and both hips being replaced.  (Tr. 248). Plaintiff alleged an onset date of August 24, 2012.  (Tr. 13).  These applications were denied initially

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

1

and again upon reconsideration.  (Tr. 13, 114-120, 122-126).  Thereafter, Plaintiff requested an administrative hearing on his applications and this hearing request was granted.  (Tr. 127).

Plaintiff's administrative hearing was held on September 19, 2013. (Tr. 45-65). Plaintiff was present and was represented by non-attorney representative, Stanley Brummal, at this hearing. *Id.* Plaintiff, Vocational Expert ("VE") Talesia Beasley, and Medical Expert (ME") Dr. Alvin Smith testified at this hearing. *Id.*  At the time of this hearing, Plaintiff was forty-five (45) years old and had a GED.  (Tr. 47).

On December 27, 2013, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB and SSI.  (Tr. 13-27).  In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2015.  (Tr. 14, Finding 1).  The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since August 24, 2012.  (Tr. 14, Finding 2).

The ALJ determined Plaintiff had the severe impairment of osteoarthritis.  (Tr. 14, Finding 3).  The ALJ then determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 18, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 19-25).  First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.*  Second, the ALJ determined Plaintiff retained the RFC to perform sedentary work, but was limited to occasional balancing, stooping, kneeling, crouching, and crawling. (Tr. 19, Finding 5).

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW").  (Tr. 26, Finding 6).  The

ALJ found Plaintiff unable to perform his PRW.  *Id.*  The ALJ however determined there was other work existing in significant numbers in the national economy Plaintiff could perform.  (Tr. 91, Finding 10).  The VE testified at the administrative hearing regarding this issue.  (Tr. 27).  Based upon that testimony, the ALJ determined Plaintiff retained the ability to perform other work such as a call out operator with 4,496 such jobs in the region and 35,055 such jobs in the nation, electronic dial maker with 3,647 such jobs in the region and 35,171 such jobs in the nation, and system surveillance monitor with 2,091 such jobs in the region and 25,119 such jobs in the nation.  (Tr. 26-27).  Given this, the ALJ determined Plaintiff had not been under a disability as defined in the Act from August 24, 2012 through the date of his decision.  (Tr. 27, Finding 11).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 8).  *See* 20 C.F.R. § 404.968.  The Appeals Council declined to review this unfavorable decision. (Tr. 1-3).  On May 11, 2015, Plaintiff filed the present appeal.  ECF No. 1.  The Parties consented to the jurisdiction of this Court on May 13, 2015.  ECF No. 5.  Both Parties have filed appeal briefs. ECF Nos. 10, 11.  This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have

supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to

4

the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

In his appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record.  ECF No. 10, Pg. 4-20.  Specifically, Plaintiff claims the ALJ erred: (1) in failing to give proper treatment to the opinions of Plaintiff's treating physician, and (2) in the RFC determination of Plaintiff.  *Id.*  In response, the Defendant argues the ALJ did not err in any of his findings.  ECF No. 11.  Because this Court finds the ALJ erred in the treatment of the opinions of a treating physician, this Court will only address this issue.

Social Security Regulations and case law state that a treating physician's opinion will be granted "controlling weight," provided it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record."  *See* SSR 96-2p; *Prosch v. Apfel*, 201 F.3d 1010, 1012-13 (8th Cir. 2000)(citing 20 C.F.R. § 404.1527(d)(2)).  An ALJ is required to give good reasons for the particular weight given to a treating physician's evaluation*.  See Prosch*, 201 F.3d at 1013 (citing 20 C.F.R § 404.1527(d)(2), and SSR 96-2p).  An ALJ may disregard the opinion of a treating physician only where other medical assessments "are supported by better or more thorough medical evidence," or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions.  *Id.* at 1013 (quoting *Rogers v. Chater*, 118 F.3d 600, 602 (8th Cir. 1997), and *Cruze v. Chater*, 85 F.3d 1320, 1324-25 (8th Cir. 1996)).

Plaintiff had been treated by Dr. Wayne Bruffett, of the Arkansas Specialty Orthopedic Clinic, since October 6, 2008. (Tr. 402). On August 15, 2011, Plaintiff was seen by Dr. Bruffett with complaints of back pain. (Tr. 388-389). Dr. Bruffett indicated Plaintiff had isthmic spondylolisthesis with foraminal stenosis with multilevel disc degeneration and stenosis. (Tr. 388). Dr. Bruffett felt surgery would be a difficult option because Plaintiff also has scoliosis and he would require fusion from T11 through the sacrum, and he may not be able to return to his current occupation. (Tr. 389). Dr. Bruffett suggested as an option Plaintiff retire or apply for "some type" of disability. *Id*.

On August 29, 2011, Plaintiff returned to see Dr. Bruffett after an MRI and a diagnosis of hepatitis C. (Tr. 393-394). Dr. Bruffett noted Plaintiff's MRI scan showed evidence of isthmic spondylolisthesis with foraminal stenosis and multilevel disc degeneration. (Tr. 393). Dr. Bruffett indicated Plaintiff's main problem was at L5-S1, but he did not recommend surgery because it would involve Plaintiff's entire lumbar spine. *Id.*

On September 28, 2012, Dr. Bruffett found Plaintiff had restrictions against prolonged walking and standing, and he could not lift, push, pull, handle, stoop, or twist. (Tr. 402). Dr. Bruffett also stated Plaintiff would miss more than 4 days of work a week and could not sustain a 40-hour workweek. *Id.*

In the ALJ's opinion, he stated he relied on state agency consultants and the testifying medical expert. (Tr. 18, 19). The ALJ gave no basis nor provided any discussion for his discounting of the opinions of Dr. Bruffett. The ALJ has the responsibility to determine which findings are inconsistent and which opinions should be given greater weight than other opinions. *See Brown v. Astrue,* 611 F.3d 941, 951-52. However, when an ALJ determines that a treating physician's opinion should be discounted, "he should give good reasons for doing so." *Id.* (internal quotation and

citation omitted). In this matter, the ALJ's complete lack of analysis and review certainly does not amount to "good reasons" for discounting Dr. Bruffett's findings. *See Brown,* 611 F.3d at 951-52. The ALJ has completely failed to discuss and analyze the opinions of Drs. Bruffett.

Substantial evidence does not support the ALJ's decision of Plaintiff being not disabled because the ALJ failed to properly analyze the opinions of Plaintiff's treating physician. Because the ALJ did not properly review the opinions of Plaintiff's treating physician, this case should be reversed and remanded for proper review and analysis of these opinions.

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **7th day of March 2016.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE
